UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DAVID R. TUCKER, et al., | Case No: C 10-02981-SBA |
| Plaintiffs, | **ORDER TO SHOW CAUSE RE REMAND** |
| v. | |
| MCKESSON CORPORATION, et al., | |
| Defendants. | |

On June 8, 2010, Plaintiff David R. Tucker ("Plaintiff" or "Tucker") commenced the instant wrongful death and products liability action in state court following the death of his wife, Michelle L. Tucker. Ms. Tucker died after ingesting allegedly defective morphine tablets manufactured and distributed by Defendants McKesson Corporation ("McKesson"), Ethex Corporation ("Ethex"), Ther-Rx Corporation ("Ther-Rx"), and K-V Pharmaceutical Company ("KV Pharmaceutical") (collectively "Defendants"). Plaintiff brings this action on his own behalf and on behalf of his wife's statutory beneficiaries. On July 7, 2010, Defendants removed the action on the basis of diversity jurisdiction. Dkt. 1.

Tucker is a resident of Indiana, and the decedent's three children are residents of Wyoming and Michigan. Compl. ¶ 1; Defs.' Notice of Removal ¶ 7. Defendant McKesson is a Delaware corporation with its principal place of business in California. Compl. ¶ 3; Defs.' Notice of Removal ¶ 8. Defendants Ethex and Ther-Rx are Missouri corporations and are wholly owned subsidiaries of codefendant KV Pharmaceutical, a Delaware

corporation.  Compl. ¶¶ 6-10; Defs.' Notice of Removal ¶¶ 9-11.  By stipulation of the parties, McKesson was dismissed from this case on October 12, 2010.  Order Dismissing Def. McKesson, Dkt. 29.

The parties are now before the Court on defendants' motion for change of venue, pursuant to 28 U.S.C. § 1404(a).  Dkt. 23.  Before reaching the merits of Defendants' motion, however, the Court is obligated to examine its subject matter jurisdiction.  See FW/PBS, Inc. v. City of Dall., 493 U.S. 215, 229 (1990); United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966-67 (9th Cir. 2004).  The removal statute provides, in pertinent part, that:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable *only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

28 U.S.C. § 1441(b) (emphasis added); see Spencer v. U.S. Dist. Court, 393 F.3d 867, 870 (9th Cir. 2004).  "[R]emoval statutes are strictly construed against removal."  Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008).  "The presumption against removal means that the defendant always has the burden of establishing that removal is proper."  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).  As such, any doubts regarding the propriety of the removal favor remanding the case.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

The diversity jurisdiction statute confers jurisdiction in cases where the parties are citizens of different states and where the amount in controversy exceeds the sum of $75,000.  28 U.S.C. § 1332.  Diversity jurisdiction is determined at the time of removal.  Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 574 (2004).  A corporation "is a citizen of any State in which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  Therefore, McKesson, whose principal place of business is in California, was a resident defendant in this case at the time

of removal. "It thus is clear that the presence of [a] local defendant at the time removal is sought bars removal." Spencer, 393 F.3d at 870 (citing 28 U.S.C. § 1441(b)). Less clear is whether the subsequent dismissal of McKesson is sufficient to cure any defects in the removal. Compare Infuturia Global Ltd. v. Sequus Pharmaceuticals, Inc., --- F.3d ---, 2011 WL 353214, at *3 (9th Cir. Feb. 7, 2011) (jurisdictional defect at the time of removal cured by dismissal of diversity-destroying defendants) with Parrino v. FHP, Inc., 146 F.3d 699, 703 n.1 (9th Cir. 1998) (affirming judgment on merits after removal defect had been cured, but stating that Caterpillar allows only the court of appeals, not the district court, to treat such defects as cured), and Rudow v. Monsanto, No. C 99-4700 TEH, 2001 WL 228163, at *3-4 (N.D. Cal. Mar. 1, 2001) (remanding action where court became aware that jurisdiction did not exist at the time of removal, despite the fact that diversity was perfected by stipulated dismissal of non-diverse defendant before remand); see also Vasura v. ACandS, 84 F. Supp. 2d 531, 536 (S.D.N.Y. 2000). Accordingly,

IT IS HEREBY ORDERED THAT the parties are directed to show cause why the instant action should not be remanded to state court for lack of removal jurisdiction. The parties may respond to this Order by submitting a memorandum, not to exceed ten (10) pages, by no later than February 25, 2011. The hearing on Defendants' motion for change of venue and the case management conference scheduled for February 15, 2011, are VACATED, and the motion shall be held in abeyance pending the Court's resolution of the instant Order to Show Cause.

IT IS SO ORDERED.

Dated: February 10, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge